IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Earl Eugene Goins, ) | Civil Action No.: 4:08-cv-03916-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Robert Stevenson, Warden, ) | |
| Broad River Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a *pro se* prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court upon the Petitioner's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Respondent's Motion for Summary Judgment [Docket #20].

**Procedural History**

On December 4, 2008, the Petitioner petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. On May 27, 2009, the Respondent filed a Motion for Summary Judgment [Docket #20], a supporting memorandum, and additional attachments. The Magistrate Judge issued an Order filed May 28, 2009, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Subsequently, the Petitioner filed a response in opposition. On February 8, 2010, the Magistrate Judge issued an R&R recommending that the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.

Court grant the Respondent's Motion for Summary Judgment. The Petitioner filed timely objections to the R&R, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Petitioner first objects to the Magistrate Judge's finding that "counsel was not ineffective for failing to object to the second trial going forward, and for failing to move for a continuance." *Petitioner's Objections,* p.2. The Petitioner argues that his case was prejudiced when counsel did not move for a continuance after the trial judge granted a mistrial and his new trial began the very next day because a continuance would have given his trial counsel "time to obtain the transcripts of the first trial and review them so that he could properly examine the alleged victims . . . ." *Id.* As the Magistrate Judge noted, trial counsel testified at the PCR

2

hearing that he did not make a motion for a continuance or request a transcript because he did not feel the motion would be granted and the testimony was still fresh in his mind, he did not want to lose credibility with the court, and the court reporter was available if the prior transcript was needed.

When considering a claim of ineffective assistance of counsel based on a tactical decision, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington,* 466 U.S. 668, 689 (1984). Thus, courts are instructed not to second-guess an attorney's trial strategy. *See Stamper v. Muncie,* 944 F.2d 170, 178 (4th Cir. 1991). In the instant matter, the Petitioner has presented no evidence that transcripts would have been of value in the second trial, especially when the court reporter was present with the testimony from the day before if it was needed. As such, summary judgment is appropriate on this issue.

The Petitioner next "objects to the magistrate's findings that trial counsel was not ineffective for failing to explore the search of his residence in his absence." *Petitioner's Objections,* p.3. Essentially, the Petitioner argues that while two residences were searched, only one was his residence. Further, as to his ineffective assistance of counsel claim, the Petitioner asserts that "[n]either search warrant was signed by a magistrate judge, which itself was a violation of the laws against unlawful searches and seizures," and trial counsel "never made mention of this fact when he mad[e] the motion to suppress the warrant." *Id.*

As the Magistrate Judge noted, trial counsel did, in fact, move to suppress the evidence relating to the search of both residences, but the trial judge found the evidence obtained from the searches admissible. Further, the Petitioner is incorrect in his assertion that neither search warrant was issued by a magistrate judge. The record clearly indicates that one search warrant was signed

3

by Magistrate Judge Lynn Benfield, while the other was signed by Magistrate Judge Davenport. Thus, the Petitioner has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness. *See Strickland,* 466 U.S. at 688. Accordingly, summary judgment is appropriate on this issue.

Finally, the Petitioner "objects to the Magistrate's findings that trial counsel was not ineffective for failure to represent Petitioner adequately." *Petitioner's Objections,* p.3. Specifically, the Petitioner argues that trial counsel was ineffective when he did not object to the admission of a letter, which trial counsel was not provided a copy of during discovery. The Petitioner claims that "it would be reasonable to raise the claim that the state violated 'Brady' when it did not disclose and provide a copy in discovery to the defense." *Id.* However, as both the PCR court and the Magistrate Judge have found, there is absolutely no evidence in the record to support this bald allegation, and summary judgment is appropriate on this issue.[2]

Having thoroughly reviewed the entire record, the Petitioner's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. The Petitioner has not shown that the State court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d). As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate.

---

[2] Additionally, the Petitioner's claim regarding the admission of the alleged "letter of apology addressed to Terry Bryson" does not appear to fall within the purview of *Brady v. Maryland,* 373 U.S. 83 (1963) and certainly cannot support a finding that trial counsel's performance fell below an objective standard of reasonableness pursuant to *Strickland. See Brady,* 373 U.S. at 87 (holding that "*suppression* by the prosecution of evidence *favorable* to an accused upon *request* violates due process where the evidence is material either to guilt or punishment . . . .") (emphasis added).

**Conclusion**

Based on the foregoing, it is

**ORDERED** that the Respondent's Motion for Summary Judgment [Docket #20] is **GRANTED. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
March 9, 2010